FILED

03/27/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2016

**STATE OF TENNESSEE v. ANDREW BOYKIN**

**Appeal from the Circuit Court for Madison County**
**No. 16-48     Roy B. Morgan, Jr., Judge**

_____

**No. W2016-01055-CCA-R3-CD**

_____

The Appellant, Andrew Boykin, pled guilty in the Madison County Circuit Court to possession of one-half gram or more of cocaine with intent to sell, possession of one-half gram or more of cocaine with intent to deliver, possession of drug paraphernalia, criminal impersonation, and evading arrest.  The trial court merged the convictions for possession of cocaine, and the Appellant received an effective ten-year sentence.  On appeal, he contends that his sentence is excessive and that the trial court should have ordered alternative sentencing.  Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Jeremy B. Epperson, Jackson, Tennessee, for the appellant, Andrew Boykin.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Jerry G. Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In February 2016, the Madison County Grand Jury indicted the Appellant for possession of one-half gram or more of cocaine with intent to sell, a Class B felony; possession of one-half gram or more of cocaine with intent to deliver, a Class B felony; possession of drug paraphernalia, a Class A misdemeanor; evading arrest, a Class A

misdemeanor; and criminal impersonation, a Class B misdemeanor. On April 20, 2016, the Appellant entered a "blind plea" to the charges.

At the guilty plea hearing, the State gave the following factual account of the crimes: On the night of August 29, 2015, Officers White and Cozart of the Jackson Police Department stopped a vehicle on Old Hickory Boulevard because its headlights were not turned on. Officer White approached the vehicle and spoke with the front-seat passenger, who was the Appellant. The Appellant told the officer that his name was Chris Cooper and gave a date of birth and social security number. The Appellant was placed in a patrol car while Officer White attempted to verify his identity. The Appellant was in possession of a brown bag. As officers were searching the bag, the Appellant ran from the scene. The officers gave chase and apprehended him shortly thereafter. The brown bag contained a digital scale, 4.1 grams of powder cocaine, and a photograph of the Appellant. The officers also found $240 on the Appellant's person.

The trial court held a sentencing hearing on May 16, 2016. No witnesses testified at the hearing, but the State introduced the Appellant's presentence report into evidence. According to the report, the then thirty-year-old Appellant dropped out of high school in the ninth grade but later entered the Job Corps in Harpers Ferry, West Virginia, and obtained his GED. In the report, the Appellant denied a problem with alcohol but admitted using cocaine and marijuana daily. He stated that he had never obtained drug treatment. The report showed that at the time of the Appellant's arrest in this case, he was working at "'Nu to U'" as a deliveryman. He had worked there eight months, but his employment ended when he was arrested. The report showed that the Appellant also worked at Carlisle as a forklift driver and assembly line worker from 2012 to 2014, Pinnacle Foods as an assembly line worker from 2009 to 2012, and Delta Construction as an unskilled laborer from 2005 to 2009. According to the report, the Appellant had a prior felony conviction for introducing a communication device into a penal institution. The report showed that the Appellant was on probation for marijuana possession in Texas when he was convicted of introducing a communication device into a penal institution and when he committed the crimes in the instant case. The report also showed that the Appellant was adjudicated delinquent for possessing marijuana on school property, burglary of a vehicle, possession of burglary tools, aggravated burglary, and felony theft. Defense counsel requested that the trial court not give great weight to the juvenile adjudications due to "the time that has passed" and that the trial court order "significant long-term treatment" for the Appellant's drug addiction in lieu of incarceration.

The trial court applied the following enhancement factors to the Appellant's sentences: (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"; (8), that "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a

- 2 -

sentence involving release into the community"; (13), that the defendant was on probation when he committed the felonies in this case; and (16), that "[t]he defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult." Tenn. Code Ann. § 40-35-114(1), (8), (13)(C), (16). In mitigation, the trial court applied factors (1), that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury," and (13), the catchall provision, for his employment history. Tenn. Code Ann. § 40-35-113(1), (13). The court sentenced the Appellant as a Range I, standard offender to ten years for each possession of cocaine conviction and merged the convictions. The court sentenced him to eleven months, twenty-nine days for possession of drug paraphernalia and evading arrest and six months for criminal impersonation. The court ordered that the Appellant serve the sentences concurrently and denied his request for alternative sentencing.

## II. Analysis

The Appellant contends that his ten-year sentence for possession of cocaine is excessive because "the record did not support a sentence over the minimum of eight years" and that the trial court should have suspended the sentence "coupled with long term inpatient rehabilitation for substance abuse." The State argues that the trial court properly sentenced the Appellant. We agree with the State.

Appellate review of the length, range, and manner of service of a sentence imposed by the trial court is to be reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see also State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the standard to alternative sentencing). In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by a defendant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the Appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in § 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

- 4 -

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

Regarding the Appellant's claim that the ten-year sentence is excessive, the Appellant does not contest the applicability of any of the four enhancement or two mitigating factors found by the trial court. Furthermore, the 2005 amendments to the 1989 Sentencing Act "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008).

As to the trial court's denial of alternative sentencing, the Appellant is eligible for alternative sentencing because his sentence was ten years or less. However, he is not considered a favorable candidate for alternative sentencing because he was convicted of a Class B felony. In denying alternative sentencing, the trial court stated as follows:

> Considering the entire record in this cause again which takes into consideration the mitigating and enhancing factors, the Defendant's prior criminal record, noting again the Defendant was on probation at the time the offense occurred, the Court finds it would be appropriate on the 10-year sentence that the Defendant serve that in Tennessee Department of Corrections.

We also note that despite the Appellant's daily use of cocaine and marijuana, he never sought treatment for his drug addiction. Thus, his potential for rehabilitation is poor. Accordingly, we conclude that the trial court did not abuse its discretion by denying alternative sentencing.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

- 5 -

_____
NORMA MCGEE OGLE, JUDGE